**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOHN SMITH 1, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SYRIAN ARAB REPUBLIC,**<br><br>**Defendant.** | **Civil Action No. 26-1107** |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs bring this suit on behalf of themselves and the estates of their deceased family members, whom Plaintiffs allege were killed by government officials of the Syrian Arab Republic. See ECF No. 8-1 (Am. Compl.), ¶¶ 60, 74. They seek to proceed pseudonymously and redact certain identifying information from the Complaint, citing fear of retaliation individually and against the decedents' families. See ECF No. 8 (Revised Mot.) at 1. Given the allegations of violent targeting by Syrian forces, and credible fear of further harm, the Court will grant the Motion and permit Plaintiffs to proceed under pseudonyms. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

## I. Background

This case's irregular procedural history warrants brief illumination. Plaintiffs originally filed a Complaint against the Syrian Arab Republic containing the true names of most Plaintiffs and the initials of one Plaintiff. See ECF No. 1 (Original Compl.) (identifying named Plaintiffs). They then sought permission to proceed pseudonymously as to one Plaintiff only. See ECF No.

2 (Original Mot.). Recognizing that the close familial relationship between one of the named Plaintiffs and the pseudonymous one would undermine the very protection the pseudonymous Plaintiff sought, the Court ordered that the original Complaint be sealed. See Minute Order of Apr. 13, 2026. Plaintiffs then moved to partially unseal the Complaint and file a redacted version removing the potentially identifying information, which the Court granted. See ECF Nos. 7 (Mot.); 7-1 (Redacted Compl.); Minute Order of May 14, 2026. That redacted Complaint is currently available on the public docket.

After filing the redacted Complaint on the public docket, Plaintiffs filed a new Motion for Pseudonymity. See Revised Mot. That request for pseudonymity was predicated on potential retaliatory threats from the Syrian government and its agents, as was the original Motion seeking pseudonymity for one Plaintiff. Compare id. at 3–4, with Original Mot. at 2. Plaintiffs, however, report that they "have been advised of additional and more acute dangers facing members of the decedents' families who remain in Syria" since the filing of their original Complaint and Motion for Pseudonymity. See Revised Mot. at 2. They now seek permission for all Plaintiffs to proceed pseudonymously and to seal previous and future filings that might identify any one of them. Id. at 1.

## II. Legal Standard

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to

proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly,
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## III. Analysis

The Court considers Plaintiffs' sealing and pseudonymity requests as requests for pseudonymity, as all the sealing that they request only effectuates their underlying motion to litigate anonymously. The Court finds that the risk of retaliation against Plaintiffs sufficiently outweighs any minimal prejudice to Defendant from pseudonymous proceedings and overcomes the default disclosure requirement.

Plaintiffs' fear of retaliation should they proceed under their true identities pushes the first two factors strongly towards pseudonymity. Those factors assess whether Plaintiffs seek anonymity "merely to avoid the annoyance or criticism" of litigation or instead to protect

themselves from "a risk of retaliatory physical or mental harm." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97). Here, Plaintiffs have sufficiently demonstrated that disclosure of their identities "would trigger a risk of retaliation from a foreign government," which this Court has held "warrant[s] proceeding pseudonymously." Warren v. Islamic Republic of Iran, 2026 WL 1587225, at *2 (D.D.C. June 3, 2026). The Complaint alleges that officials of the Syrian Arab Republic violently abducted and executed Plaintiffs' family members approximately one year ago. See Am. Compl., ¶¶ 49–72. The decedents were allegedly targeted based on their membership in a religious minority community within the Syrian Arab Republic. Id., ¶¶ 2–5. Plaintiffs, in turn, fear physical violence or harm both to themselves and members of the decedents' families who remain in Syria. See Revised Mot. at 6–7. This concern is exacerbated by the fact that no individuals have been prosecuted for these acts and purportedly "remain in power and at large." Id. at 7.

Plaintiffs have also represented in their renewed Motion for Pseudonymity that they have received additional "specific advice" regarding the ongoing danger faced by their family members who remain in Syria. Id. at 6. When plaintiffs fear retaliation from a party that has already committed acts of physical violence, this Court has permitted them to shield their identities to mitigate those risks. See Doe v. Federal Republic of Germany, 680 F. Supp. 3d 1, 5 (D.D.C. 2023) (prior violent targeting "critical to the Court's analysis"); Emp. #1 v. Dep't of Behav. Health, 694 F. Supp. 3d 110, 114 (D.D.C. 2023) (crediting fear of retaliation from individual "who has a track record of violence") (cleaned up). The Court credits Plaintiffs' concerns, particularly given the recency of the underlying acts. It finds that this factor supports pseudonymity.

The third factor supports disclosure because, though minors may be among the family members facing retaliatory risks, nothing in Plaintiffs' Complaint or Motion suggests that this case implicates those minors' specific privacy interests. See generally Am. Compl.; Revised Mot. at 1–4.

The fourth and fifth factors lightly support pseudonymity. Those factors assess the impact of pseudonymous proceedings on the Defendant, taking into account its identity and any prejudice from shielding Plaintiffs' names. In re Sealed Case, 971 F.3d at 326–27 (quoting In re Sealed Case, 931 F.3d at 97); I.G.I. v. Noem, 2025 WL 4083339, at *2 (D.D.C. Nov. 18, 2025). Here, Plaintiffs sue a foreign nation — namely, the Syrian Arab Republic. See Am. Compl., ¶ 2. "[A]nonymous litigation is more acceptable when the defendant is a governmental body because government defendants do not share the same concerns about reputation that private individuals have when they are publicly charged with wrongdoing." J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quotation marks omitted). Although "there is a heightened public interest when an individual or entity files suit against the government," In re Sealed Case, 971 F.3d at 329, this Court has recognized that such interest is diminished where, as here "a plaintiff requests individualized relief." Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024); see Am. Compl. at 15–17 (seeking individual damages).

This Court has repeatedly recognized, moreover, that pseudonymity is unlikely to prejudice a government defendant where the plaintiff has offered to reveal his name and address under seal. R.A. v. Islamic Republic of Iran, No. 23-2606, ECF No. 4 (Mem. Op.) at 5 (D.D.C. Sept. 12, 2023). Plaintiffs here have offered to reveal their true names only in the event that 1) the Syrian government appears in this lawsuit, and 2) they receive an attorney's-eyes-only protective order. See Revised Mot. at 3, 8–9. While uncommon, this approach is appropriate for

cases brought under the Foreign Sovereign Immunities Act seeking recompense for extrajudicial killings. In such cases, defendants are often unlikely to appear, Boothe v. Islamic Republic of Iran, 2026 WL 809887, at *1 (D.D.C. Mar. 24, 2026), and may well threaten the same type of violence giving rise to plaintiffs' claims in the first place. Courts must still scrutinize the facts of a particular case before permitting plaintiffs to shield their identities from the public or a defendant, but the Court is satisfied here that Plaintiffs' protective-order proposal would mitigate any prejudice Syria would face should it appear in this case.

Given the severe risk of retaliation and the lack of prejudice to Defendant from pseudonymous proceedings, the Court finds that Plaintiffs have met the "heavy burden" required to overcome "the public's interest in open judicial proceedings." Doe 1 v. Islamic Republic of Iran, 2020 WL 13992410, at *3 (D.D.C. Oct. 23, 2020). It will also order that all prior filings and docket entries in this case be sealed to effectuate its order. The Court declines to grant Plaintiffs' request to file future documents under seal, as it implicates "the case-management responsibilities that the particular judge overseeing this litigation will undertake." N. v. U.S. Dep't of Health & Hum. Servs., 2026 WL 571216, at *4 (D.D.C. Mar. 2, 2026) (citing LCvR 40.7(f) (Chief Judge reviews only "motion to seal the complaint")).

The Court accordingly ORDERS that:

1. Plaintiffs' [8] Motion for Leave to File Under Pseudonym and Under Seal is GRANTED IN PART and DENIED IN PART, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;
2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action;
3. Within fourteen days of this Order, Plaintiff shall file:

i. A pseudonymous version of the [8] Motion and any attachments as a Notice to the Court on the public docket; and

ii. A sealed, *ex parte* declaration containing Plaintiffs' real name and residential address; and

4. The clerk's office shall seal all entries in this case that were filed prior to the date of this Order.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: August 14, 2026